IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH FLEMING PORTER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br><br><br>Civil Case No. 2:11-CV-146 TS<br><br>Criminal Case No. 2:06-CR-119 TS |

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the Motion and dismiss this case.

---

[1] Case No. 2:11-CV-146 TS, Docket No. 1.

1

I. BACKGROUND

Petitioner was charged in a two count Indictment on March 8, 2006, with possession of a firearm by a convicted felon and assault of a federal officer. Prior to trial, Petitioner filed a motion to suppress seeking to suppress evidence obtained from a warrantless search of his residence. The Court held a hearing on the motion and ultimately denied it, finding the search permissible under the exigent circumstance exception to the warrant requirement.

Petitioner ultimately proceeded to trial on April 18, 2007. Petitioner was found guilty of the charge of possession of a firearm by a convicted felon, but was found not guilty on the charge of assault of a federal officer.

Petitioner was sentenced on July 9, 2007, to a term of 70 months imprisonment. Petitioner timely appealed his conviction. On appeal, Petitioner challenged the Court's ruling on his motion to suppress. The Tenth Circuit Court of Appeals affirmed the denial of that Motion.[2]

Petitioner timely filed this Motion on February 8, 2011.

II. DISCUSSION

A.  GROUND ONE - ISSUES RAISED ON APPEAL

Ground one of Petitioner's Motion argues the validity of the warrantless entry into his home. This issue was raised by Petitioner in a motion to suppress, which was denied by the Court.[3] Petitioner challenged the Court's ruling on the motion to suppress on direct appeal. The

---

[2]*United States v. Porter*, 594 F.3d 1251, 1253 (10th Cir. 2010).

[3]Case No. 2:06-CR-119 TS, Docket No. 33.

Tenth Circuit Court of Appeals affirmed, finding that the warrantless entry into Petitioner's home was justified.

"An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. § 2255. However, a motion under Section 2255 may be proper when there was been an intervening change in the law of a circuit."[4] Petitioner raised the issue contained in ground one of his § 2255 Motion on direct appeal. Petitioner has cited no change in the law concerning his claim. Therefore, the Court finds this claim to be procedurally barred and it will be dismissed.

B.  GROUND TWO - INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

Petitioner's second ground for relief raises a number of claims of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[5] To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that counsel's performance was deficient.[6] "This requires showing that counsel made errors so serious that counsel was not functioning as

---

[4]*United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978) (internal citations omitted). *See also United States v. Prichard*, 975 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

[5]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[6]*Strickland*, 466 U.S. at 687.

the 'counsel' guaranteed [Petitioner] by the Sixth Amendment."[7] Second, he must show that counsel's deficient performance prejudiced Petitioner's defense.[8] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable."[9] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[10]

A court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[11] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[12] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[13]

---

[7]*Id*.

[8]*Id*.

[9]*Id*.

[10]*Id*.

[11]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[12]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[13]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

4

Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[14] The Supreme Court has stated:

> strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.[15]

The Tenth Circuit has held that "[s]trategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong."[16]

With this framework in mind, the Court considers Petitioner's various ineffective assistance claims. Petitioner first claims that his counsel was ineffective for failing to confer with Petitioner in any meaningful manner. Petitioner's contention that counsel failed to confer with him is contradicted by the record. Several docket entries reflect that counsel did, in fact,

---

[14] *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

[15] *Id*. at 690-91.

[16] *Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001) (citations and quotation omitted).

confer with Petitioner.[17] Further, Petitioner has failed to demonstrate prejudice as he has failed to show how any additional communication would have resulted in a different outcome.

Petitioner next contends that counsel failed to adequately research the applicable law. Again this claim is contradicted by the record. In support of Petitioner's motion to suppress, counsel submitted an extensive memorandum citing a number of cases relevant to the motion to suppress. Petitioner has also failed to demonstrate prejudice. Petitioner has failed to provide the Court with any case law that counsel allegedly failed to address and how that case law would have altered the outcome of the motion to suppress.

Petitioner next argues that counsel was ineffective for failing to subpoena and compel John Conner to testify. Petitioner states that Mr. Conner witnessed the incident and is the owner of the gun at issue. The decision not to call Mr. Conner as a witness was a strategic decision and Petitioner has failed to show that decision constitutes ineffective assistance of counsel. Further, Petitioner has failed to show prejudice because he fails to disclose what relevant information, if any, Mr. Conner would have been able to provide.

Petitioner also argues that counsel failed to develop the defense that Petitioner's fingerprints were not found on the weapon, failed to inform the jury that a fingerprint other than his own was found on the weapon, and had a duty to call a lab technician to explain this. The

---

[17]*See, e.g.,* Docket No. 48 ("On Friday, January 19, 2007, the government informed counsel of its decision to seek a continuance. Counsel went to the Weber County Jail with an investigator to give this information to Mr. Porter. Counsel advised Mr. Porter that a continuance could provide additional time to find several witnesses that had been difficult to locate and whose testimony might be useful given the new information that had become available. Mr. Porter agreed, and counsel informed the government of defendant's stipulation to the continuance.").

reason for counsel's action in this regard is based on a strategic decision to advance a defense of self defense. As a strategic decision, the Court cannot find counsel's performance to be deficient. The Court notes, however, that Petitioner's defense strategy changed when Petitioner testified that he did not possess the firearm. Even if the Court were to find counsel's performance to be deficient once it became clear that Petitioner was going to deny he possessed the firearm, the Court finds that Petitioner has not shown he was prejudiced by this failure. At trial, the government conceded that Petitioner's fingerprints were not on the weapon.[18] Therefore, the Court finds that this claim fails.[19]

Petitioner's final ineffective assistance claim concerns a statement made by his counsel during closing arguments. Specifically, Petitioner takes issue with the following statement by counsel: "Well, nobody in that room should be having a gun. That's very odd. But this is not a decision you have to make quickly. And the simplest answer isn't always the right answer."[20] This statement, however, must be put into the context of counsel's entire closing. In his closing counsel stressed the fact that, though there were many individuals who all testified seeing Petitioner with the weapon, the easiest answer (that Petitioner did possess the weapon) was not necessarily the correct answer. When viewed in this context, the Court cannot find counsel's closing argument to be deficient or prejudicial.

---

[18]Docket No. 117 at 10:20-11:10.

[19]*See United States v. Falls*, 204 F.3d 736, 738 (10th Cir. 2006) (finding counsel not ineffective for failing to present expert witness regarding absence of fingerprints on plastic bags that contained drugs where government stipulated that defendant's fingerprints were not on the bags).

[20]Docket No. 119 at 216:2-5.

Based on all of the above, the Court finds that counsel's performance during trial was not ineffective and Petitioner's claims on this ground will be dismissed.

C.  GROUND THREE - INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Petitioner's third ground for relief asserts that his appellate counsel was ineffective for failing to file a timely petition for a writ of certiorari. The Supreme Court has held that a criminal defendant does not have a constitutional right to counsel to pursue applications for review before the Supreme Court.[21] As Petitioner had no constitutional right to counsel, "he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."[22] Therefore, the Court will dismiss Petitioner's claim that his counsel on appeal was ineffective.

III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:11-CV-146 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:11-CV-146 TS forthwith.

SO ORDERED.

---

[21] *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (citing *Ross v. Moffitt*, 417 U.S. 600 (1974)).

[22] *See id.* at 587-88.

DATED   July 13, 2011.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge